Gen. 205]                                                                205

**HOUSING**

**ZONING — MENTAL HEALTH — LOCAL GOVERNMENTS ARE NOT BARRED BY STATE LAW FROM ALLOWING LARGE PRIVATE GROUP HOMES TO LOCATE IN AREAS ZONED FOR SINGLE-FAMILY RESIDENCES**

August 31, 1995

*The Honorable Thomas E. Dewberry*
*House of Delegates*

You have requested our opinion whether §10-518(b)(2) of the Health-General ("HG") Article, Maryland Code, is "mandatory" and, if so, whether the provision violates the Fair Housing Act. HG §10-518(b)(2), part of the Mental Hygiene Law, states as follows: "A large private group home is deemed conclusively a multi-family dwelling and is permitted to locate in zones of similar density." The question is whether this provision limits large private group homes only to areas zoned for multi-family dwellings.

In our opinion, this provision has both mandatory and permissive aspects. That is, it requires that a local government allow large private group homes to locate in zones where multi-family dwellings are permitted. However, the provision does not require a local government to exclude large private group homes from lower density zones. If, applying its own zoning ordinance, a local government chose to permit a large private group home to locate in an area zoned for single-family dwellings, HG §10-518(b)(2) would not bar that decision. Under this construction, HG §10-518(b)(2) raises no Fair Housing Act issue.

**I**

**Legislative Objective of HG §10-518(b)(2)**

In 1979, the General Assembly enacted a licensing statute for private group homes for the mentally ill. Chapter 688 (Senate Bill 19) of the Laws of Maryland 1979. As originally enacted, this statute defined a "private group home" as a residence that admits

between four and eight individuals with mental illness. Former Article 59, §58(b). A "large private group home" was defined as "a residence which meets the definition of a private group home in every other respect, but which serves from 8 to 16 residents." Former Article 59, §58(c).

Chapter 688 contain the following provision relating to zoning:

> The private group or large private group home shall comply with any general zoning ordinances applicable to the area in which it is located to the extent set out in Section 62 of this subtitle.[1] However, special zoning exceptions or conditional use permits or procedures may not be required for these homes. For the purpose of zoning, a private group home shall be conclusively presumed to be a single family residence and shall be permitted in all residential zones, and a large private group home shall be permitted in all areas where multi-family residential use is permitted. Any general zoning ordinance which conflicts with this section shall be superseded by this section.

Former Article 59, §68A. This language reflects a legislative focus solely on where group homes would be permitted, despite restrictions in a local zoning ordinance. Nothing in the language suggests that the General Assembly sought to deprive local governments of their discretion under local law to allow large private group homes to locate in any zone.

Nor is there any hint of the latter objective in the legislative history. The fiscal note describes the zoning provision as requiring "that private group homes be considered residential property for zoning purposes." So far as written testimony is concerned, both the supporters and the opponents of the legislation understood the provision as removing impediments to group home placement that a local zoning ordinance might impose, not as imposing any

---

[1] Section 62 required compliance with zoning requirements governing such matters as the height and size of buildings, land coverage, open space requirements, density of population, and building usage.

impediments of its own. *See* testimony of Mental Health Association of Maryland, Inc.; memorandum from Janet L. Hoffman, Executive Director of the Mayor's Task Force for Liaison With the General Assembly, to Baltimore City Members of the Senate Finance Committee; memorandum from Ella Ennis, Prince George's County Intergovernmental Liaison Officer, to Chairman and Members of the Senate Finance Committee.

In 1982, the General Assembly recodified health-related laws, including the Mental Hygiene Law, into the Health-General Article. Chapter 21 of the Laws of Maryland 1982. What is now HG §10-518(b) was derived from former Article 59, §68. The Revisor's Note confirms that no substantive change was intended.[2]

Thus, when the General Assembly provided in HG §10-518(b)(2) that a large private group home "is deemed conclusively a multi-family dwelling and is permitted to locate in zones of similar density," it was not legislating a new requirement that these group homes are *only* permitted to locate in such zones. Rather, the General Assembly was carrying forward the prior law: that large private group homes must be permitted to locate in zones where multi-family dwellings are permitted.[3] The General Assembly simply left unaddressed the circumstances under which a large private group home may locate in a zone limited to single-family dwellings. As the Virginia Supreme Court recently wrote, in reaching the same conclusion about similar language in a Virginia statute, "nothing in the statute prohibits a locality from being more permissive in its treatment of group homes than is required by the statutory language; localities are merely prohibited from being more restrictive." *Trible v. Bland*, 458 S.E.2d 297, 299 (1995).

---

[2] A recodification does not bring about a substantive change unless the General Assembly has unmistakably evidenced such a purpose. *See Cardinell v. State*, 335 Md. 381, 394, 644 A.2d 11 (1994); *Monumental Life Ins. Co. v. Trustees*, 320 Md. 442, 449, 588 3d 340 (1991); *State v. Burning Tree Club, Inc.*, 315 Md. 254, 265-66, 554 A.2d 366, *cert. denied*, 493 U.S. 816 (1989).

[3] Under HG §10-518(b)(3), "a private group home may not be subject to any special exception, conditional use permit, or procedure that differs from that required for a single-family dwelling or a multi-family dwelling of similar density in the same zone."

Given our construction of HG §10-518(b)(2), the provision itself raises no issue under the Fair Housing Act.  The Act would apply to a local government's decision-making process about a large private group home that sought to locate in a particular zone, but whether the Act would be violated cannot be determined without consideration of the particular facts and circumstances.  *See* 80 *Opinions of the Attorney General* 21 (1995).


## II

### Conclusion

In summary, it is our opinion that HG §10-518(b)(2) does not prohibit the location of a large private group home in an area zoned for single-family dwellings.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*